ROBERT C. SCHUBERT S.B.N. 62684
WILLEM F. JONCKHEER S.B.N. 178748
SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, California  94111
Telephone: (415) 788-4220
Facsimile: (415) 788-0161
rschubert@schubertlawfirm.com
wjonckheer@schubertlawfirm.com

Local Counsel for Plaintiff

BRIAN J. WANCA
RYAN M. KELLY
ANDERSON & WANCA
3701 Algonquin Road, Ste 500
Rolling Meadows, IL 60008
Telephone: (847)368-1500
Facsimile: (847)368-1501
bwanca@andersonwanca.com
rkelly@andersonwanca.com

Counsel for Plaintiff

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC B. FROMER CHIROPRACTIC, INC., a California corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                    Plaintiff,<br><br>          v.<br><br>DYANSYS, INC., a Delaware corporation,<br><br>                    Defendant. | Civil Action No.:<br><br><br>**CLASS ACTION COMPLAINT** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## CLASS ACTION COMPLAINT

Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC. ("Plaintiff") brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, DYANSYS, INC. ("Defendant").

## PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation.  Upon information and belief, Defendant has sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of unsolicited advertisement on April 4, 2018 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A and made a part hereof.  The Fax promotes the services and goods of Defendant.  Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA, including but not limited to those advertisements sent to Plaintiff.

3.      Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that

CLASS ACTION COMPLAINT                                                                                  2

would have been spent on something else.  A junk fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.  Plaintiff seeks to certify a class including faxes sent to Plaintiff and other advertisements sent without prior proper opt-out language or without prior express invitation or permission, whether sent to Plaintiff or not.

5.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner.  This action is based on the same legal theory, namely liability under the JFPA.  This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.      Venue is proper in this District because Defendant's principal place of business is within this District, Defendant committed statutory torts within this district, and a significant portion of the events took place within this District.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

8.   Intradistrict Assignment: Pursuant to Civil L.R. 3-2(c) and 3-5(b), assignment to the San Francisco and Oakland Division of the Northern District of California (the "Division") is proper, because a substantial part of the events or omissions which give rise to the claims occurred in this Division. Defendant promotes, markets, and sells products and/or services in this Division, maintains its headquarters in this Division, employs workers in this Division, and advertises in this Division.

## PARTIES

9.   Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC., is a California corporation.

10.   On information and belief, Defendant, DYANSYS, INC., is a Delaware corporation with its principal place of business in San Mateo, California.

## FACTS

11.   On or about April 4, 2018, Defendant transmitted by telephone facsimile machine an unsolicited fax to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

12.   On information and belief, Defendant receives some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendant profits and benefits from the sale of the products, goods and services advertised on Exhibit A.

13.   Plaintiff had not given prior express invitation or permission to Defendant to send the fax.

14.   On information and belief, Defendant faxed the same and similar unsolicited facsimiles without the required opt-out language to Plaintiff and more than forty other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission and without having an established business relationship as defined by the TCPA and its regulations.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

CLASS ACTION COMPLAINT

4

15.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16.     Defendant's facsimiles did not display a proper opt-out notice as required by 47 C.F.R.  64.1200.

## CLASS ACTION ALLEGATIONS

17.     In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) from whom Defendant did not obtain "prior express invitation or permission" to send fax advertisements, or (4) with whom Defendant did not have an established business relationship, or  (5) where the fax advertisements did not include an opt-out notice compliant with 47 C.F.R. § 64.1200(a)(4)(iii).

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

18.     Class Size (F. R. Civ. P. 23(a)(1)):  Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable.  Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

19.     Commonality (F. R. Civ. P. 23 (a) (2)):   Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a)     Whether the Defendant sent unsolicited fax advertisements;

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

b)      Whether the Defendant's fax advertised the commercial availability or quality of property, goods, or services;

c)      The manner and method the Defendant used to compile or obtain the list of fax numbers to which they sent Exhibit A, other unsolicited faxed advertisements or other advertisements without the required opt-out language;

d)      Whether the Defendant faxed advertisements without first obtaining the recipient's prior invitation or permission;

e)      Whether the Defendant sent the faxed advertisements knowingly;

f)      Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g)      Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

h)      Whether the Defendant should be enjoined from faxing advertisements in the future;

i)      Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

j)      Whether the Court should award treble damages.

20.     Typicality (F. R. Civ. P. 23 (a) (3)):   The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received faxes sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

CLASS ACTION COMPLAINT                                                                6

21.    <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4)):</u>   The Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

22.    <u>Need for Consistent Standards and Practical Effect of Adjudication (F. R. Civ. P. 23 (b) (1)):</u>   Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendant, and/or (b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

23.    <u>Common Conduct (F. R. Civ. P. 23 (b) (2)):</u>   Class certification is also appropriate because the Defendant has acted in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

24.    <u>Predominance and Superiority (F. R. Civ. P. 23 (b) (3)):</u>   Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

a)    Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

b)    Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c)    The Defendant have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d)    The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs; and

e)      This case is inherently manageable as a class action in that:

(i)      The Defendant identified persons or entities to receive the fax transmissions and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii)      Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii)      Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)      A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)      A class action will contribute to uniformity of decisions concerning the Defendant's practices; and

(vi)      As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

## COUNT I

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.***

25.      Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set for in paragraphs 1-26 above.

26.      The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

27.   The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

28.   **Opt-Out Notice Requirements.**  The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

1.   a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

2.   a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.   a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

4.   the opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act.  The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

*Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements.

29.   **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.   The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶8-12 and 17-20);

B.   The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶13-16);

C.   The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶24-34);

D.   The failure of a sender to comply with the Opt-Out Notice Requirements

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

CLASS ACTION COMPLAINT                                                                10

1   precludes the sender from claiming that a recipient gave "prior express permission or invitation" to

2   receive the sender's fax (*See* Report and Order ¶48);

3       As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out

4   Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA.

5   This is because such a sender can neither claim that the recipients of the faxed advertisement gave

6   "prior express invitation or permission" to receive the fax nor can the sender claim the exemption

7   from liability contained in § (b)(C)(1) of the Act.

8

9       30.   **The Fax**.  Defendant sent the advertisement on or about April 4, 2018, via facsimile

10  transmission from telephone facsimile machines, computers, or other devices to the telephone

11  facsimile machines of Plaintiff and members of the Plaintiff Class.   The Fax constituted an

12  advertisement under the Act.   Defendant failed to comply with the Opt-Out Requirements in

13  connection with the Fax.  The Fax was transmitted to persons or entities without their prior express

14  invitation or permission and/or Defendant are precluded from asserting any prior express invitation

15  or permission because of the failure to comply with the Opt-Out Notice Requirements.  By virtue

16  thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the

17  Fax via facsimile transmission to Plaintiff and members of the Class.  Plaintiff seeks to certify a

18  class which includes this Fax and all others sent during the four years prior to the filing of this case

19  through the present.

20

21      31.   **Defendant's Other Violations.**  Plaintiff is informed and believes, and upon such

22  information and belief avers, that during the period preceding four years of the filing of this

23  Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone

24  facsimile machines, computers, or other devices to telephone facsimile machines of members of the

25  Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons

26  or entities without their prior express invitation or permission (and/or that Defendant is precluded

27

28

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

CLASS ACTION COMPLAINT                                                          11

from asserting any prior express invitation or permission because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions).  By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder.  Plaintiff is informed and believes, and upon such information and belief avers, that Defendant is continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

32.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages.  47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

33.     The JFPA is a strict liability statute, so the Defendant is liable to the Plaintiff and the other class members even if their actions were only negligent.

34.     The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendant transmitted an advertisement; (d) the Fax did not contain the required Opt-Out Notice; and (e) Defendant's transmission of advertisements that did not contain the required opt-out notice or were sent without prior express invitation or permission was unlawful.

35.     The Defendant's actions caused damages to the Plaintiff and the other class members. Receiving the Defendant's junk fax caused the recipients to lose paper and toner consumed in the printing of the Defendant's fax.  Moreover, the Defendant's fax used the Plaintiff's fax machine. The Defendant's fax cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendant's unauthorized fax.  That time otherwise would have been spent

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

1  on the Plaintiff's business activities.  The Defendant's fax unlawfully interrupted the Plaintiff's and

2  other class members' privacy interests in being left alone.

3       WHEREFORE, Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC., individually and on

4  behalf of all others similarly situated, demands judgment in its favor and against Defendant,

5  DYANSYS, INC., as follows:

6       A.    That the Court adjudge and decree that the present case may be properly maintained

7  as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's

8

9  counsel as counsel for the class;

10      B.    That the Court award actual monetary loss from such violations or the sum of five

11 hundred dollars ($500.00) for each violation, whichever is greater, and that the Court award treble

12 damages if the violations are deemed "willful or knowing";

13      C.    That Court enjoin the Defendant from additional violations; and

14

15      D.    That the Court award pre-judgment interest, costs and such further relief as the Court

16 may deem just and proper.

17

18 Date: May 8, 2018              By:  *Willem F. Jonckheer*
                                  ROBERT C. SCHUBERT
19                                WILLEM F. JONCKHEER
                                  SCHUBERT JONCKHEER & KOLBE LLP
20                                Three Embarcadero Center, Suite 1650
                                  San Francisco, CA  94111
21                                Telephone:  415-788-4220
                                  Fax:  415-788-0161
22                                rschubert@schubertlawfirm.com
                                  wjonckheer@schubertlawfirm.com
23

24                                *Local Counsel for Plaintiff*

25                                And:

26
                                  BRIAN J. WANCA  *(pro hac vice to be submitted)*
27                                RYAN M. KELLY (*pro hac vice to be submitted*)
                                  ANDERSON + WANCA
28

CLASS ACTION COMPLAINT                                                    13

3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500 / Fax:  847-368-1501
bwanca@andersonwanca.com
rkelly@andersonwanca.com

*Counsel for Plaintiff*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

CLASS ACTION COMPLAINT                                                    14

# EXHIBIT A



# DyAnsys ®

**Discover a non-narcotic chronic pain treatment that you can add to your integrated practice.**

• Provide patients an alternative to opioids
• Increase revenue substantially.



This Percutaneous Electrical Nerve Stimulation procedure can be provided in your office as an outpatient procedure with no side effects.

Get a free e-book on development of percutaneous nerve stimulation.
www.dyansys.com/pens-offer

---

## ARKANSAS TIMES

### Chronic pain patients fear upcoming Medicare change limiting opioid access

*Posted By Benjamin Hardy on Wed, Mar 28, 2018 at 10:22 AM*

The NYT reports this morning on an upcoming federal rule change that would stop Medicare from paying for high-dose opioid prescriptions over the long term. It's expected to be approved in early April and go into effect at the beginning of 2019. Cancer patients and those in hospice would be excluded.

The point is to curb addiction, of course. But the flip side to the story is the suffering of chronic pain patients who have come to depend on prescription opioids to live something like a normal life.



DyAnsys develops and manufactures market-leading devices to monitor the autonomic nervous system and administer percutaneous electrical stimulation via the ear to effectively treat chronic pain and other ailments safely without narcotics. We work directly with health care providers to offer a high level of care to patients.

## THE HUFFINGTON POST

### Chronic Pain Patients Need – And Want – Non-Opioid Options

*Janna Wagner, Guest Writer*

Approximately 11.5 million U.S. adults misused prescription painkillers in the past year – and for more than half of them, the reason for the misuse was physical pain.

We hear a lot about opioid-related deaths and overdoses in the news, but we rarely talk about the underlying issues that lead so many to look for any and all options available. Many opioid users suffer from chronic illness and are prescribed opioids because other treatments grant them no relief.

Attorney General Jeff Sessions recently said that chronic pain sufferers should "take some aspirin … and tough it out." Unfortunately, his insensitivity and ignorance surrounding chronic pain is not unique. Chronic pain is a complex condition and, in many cases, is unsolvable, longstanding and misunderstood.

## The Washington Post

### Nearly 1 million people were out of the workforce because of opioid addiction in 2015, according to study

Nearly 1 million people were not working because of opioid addiction in 2015, the latest research to show that drug use is having a profound effect on the U.S. economy.

A study released Tuesday by the American Action Forum found 919,400 people between the ages of 25 to 54 were absent from the workforce because they were dependent on opioid drugs, a number that grew each year between 1999 and 2015.

The loss of employees and their productivity during that period cost the U.S. economy $702 billion, or just under $44 billion per year, the study calculated.

## DyAnsys, Inc.

300 North Bayshore Boulevard, San Mateo, CA 94401 USA
Tel: Toll free: (888) 950-4321; Website: www.dyansys.com